UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ALCOA INC. and CUTCO CORPORATION,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Civil No. _____

    The United States of America, by the authority of the Attorney General of the United States, acting on behalf of and the Regional Administrator of the U.S. Environmental Protection Agency ("EPA"), Region 2, alleges as follows:

<u>NATURE OF THE ACTION</u>

    1.    This is a civil action brought pursuant to Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9606 and 9607(a) ("CERCLA"), regarding the Olean Well Field Superfund Site in the Town of Olean, New York ("Site"). Plaintiff the United States seeks: (a) to recover costs incurred and to be incurred by the United States regarding the cleanup of hazardous substances at a portion of the Site known as "Parcel B"; and (b) injunctive relief requiring the defendants to perform a remedial action at Parcel B.

<u>JURISDICTION AND VENUE</u>

    2.    This Court has jurisdiction over the subject matter of this action and over the defendants under 28 U.S.C. §§ 1331 and 1345 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

3.      Venue is proper in this judicial district for the claims pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

<u>DEFENDANTS</u>

4.      Alcoa Inc. and Cutco Corporation are persons within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Cutco Corporation, formerly known as Alcas Cutlery Corp. ("Alcas"), owns a portion of the Site known as the "Alcas facility." The Alcas facility is located at 1116 East State Street, Olean, New York. Alcoa Inc. owns, through a wholly-owned subsidiary, Parcel B. Parcel B is located adjacent to and south of the Alcas facility.

<u>THE STATUTORY FRAMEWORK</u>

5.      CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

6.      Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

7.      For CERCLA response actions and enforcement purposes, the Administrator of

EPA is the President's delegate, as provided in operative Executive Orders, and, within certain

limits, the Regional Administrators of EPA have been re-delegated this authority. In EPA

Region 2, this authority has been further delegated to the Director of the Emergency and

Remedial Response Division.

8.   Under Section 106 of CERCLA, 42 U.S.C. § 9606:

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may secure such relief as may be necessary to abate such danger or threat …

9.   Under Sections 107(a)(1) and (2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and (2):

[T]he owner and operator of a vessel or a facility … and any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of … shall be liable for … all costs of removal or remedial action incurred by the United States Government or a State … not inconsistent with the national contingency plan …

<u>GENERAL ALLEGATIONS</u>

10.   The Site is located in Cattaraugus County, New York, and is geographically

defined by the extent of contaminated groundwater underlying the City of Olean, Town of Olean

and Town of Portville as well as certain areas of contaminated soils, including the Alcas facility.

11.   Beginning in approximately 1949, various companies, including Alcas Cutlery

Corp. ("Alcas"), disposed of hazardous substances, such as trichloroethylene ("TCE"), at the

Site.

12.   These activities caused the soils and groundwater at the Site to become

contaminated with hazardous substances, including TCE.

13.   In September 1983, EPA placed the Site on the National Priorities List, 40 C.F.R.

Part 300, Appendix B ("NPL"), which is a national list of hazardous waste sites posing a threat

to human health and welfare and the environment. The NPL was established pursuant to Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

14.     In March 1998, this Court approved and entered a consent decree between the United States and the defendants requiring the defendants to, among other things, implement a remedial action at the Alcas facility. The consent decree included a covenant by the United States not to sue defendants regarding the "Site" as well as a reservation to that covenant for new information and unknown conditions.

15.     From 1999 to 2003, defendant Alcoa conducted investigations regarding the Alcas facility. The investigations revealed, among other things, that groundwater contamination at the Alcas facility had migrated to an adjacent parcel ("Parcel B"). The information about, and the contamination at, Parcel B constitutes new information and unknown conditions that fall within the ambit of the reservation under the March 1998 consent decree. The contamination at Parcel B is not covered by the covenant not to sue contained in the March 1998 consent decree, and the United States is not barred from suing the defendants regarding Parcel B.

16.     EPA has conducted response actions and incurred costs regarding the contamination at the Parcel B. In September 2014, EPA issued a "Record of Decision" ("ROD") which, among other things, selected a remedy to be conducted at Parcel B.

17.     Alcoa, through a wholly-owned subsidiary, owns Parcel B, a portion of the Site.

18.     Alcoa and Cutco own the Alcas facility, a portion of the Site.

19.     Alcoa and Cutco owned the Alcas facility at a time that hazardous substances were disposed of there.

**First Claim for Relief**

20.     Paragraphs 1 to 19 are realleged and incorporated herein by reference.

21.     Parcel B is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22.     There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14), at or from Parcel B.

23.     The United States has incurred costs of response, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at Parcel B.

24.     The United States' response actions at Parcel B are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

25.     Each defendant is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as a person who is an owner or operator of the facility.

26.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the defendants are jointly and severally liable to the United States for response costs regarding Parcel B.

**Second Claim for Relief**

27.     Paragraphs 1 to 26 are realleged and incorporated herein by reference.

28.     The President, through his delegate, the Regional Administrator of EPA Region II, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release of hazardous substances or a threatened release of hazardous substances at and from Parcel B.

29.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat to the public health or welfare or the environment because of the actual or threatened release of a hazardous substance at Parcel B.

30.     Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the defendants are liable to the United States for relief, including injunctive relief, as may be necessary to abate the actual or threatened release of hazardous substances at Parcel B.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States respectfully requests that this Court:

a.      Enjoin the defendants, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), jointly and severally, to perform EPA's selected remedy for Parcel B;

b.      Enter judgment in favor of the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each defendant jointly and severally liable for all response costs regarding Parcel B, including interest;

c.      Award the United States its costs of this action; and

d.       Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOR THE UNITED STATES**:

ELLEN M. MAHAN
Deputy Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section


_s/ Mark A. Gallagher_
MARK A. GALLAGHER
U.S. Department of Justice
Environmental and Natural Resources Division
Environmental Enforcement Section
Washington, DC  20044-7611
(202) 514-5405
mark.gallagher@usdoj.gov


WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

MARY K. ROACH
Assistant United States Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Ave.
Buffalo, NY 14202
(716) 843-5866
mary.k.roach@usdoj.gov

Of Counsel:

SHARON KIVOWITZ
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 2
290 Broadway, 17th Floor
New York, NY  10007